IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHNSON B. OGUNLANA, | No. 4:23-CV-00211 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| T. WERTMAN, | |
| Respondent. | |

MEMORANDUM OPINION

MAY 10, 2023

Petitioner Johnson B. Ogunlana, an inmate confined at the Allenwood Federal Correctional Institution in White Deer, Pennsylvania, filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This is Ogunlana's second attempt to collaterally attack—via Section 2241—his recent convictions and sentence imposed by the United States District Court for the District of Maryland. The Court will again dismiss Ogunlana's Section 2241 petition for lack of jurisdiction.

**I.    BACKGROUND**

Ogunlana is currently serving a six-year sentence after pleading guilty to multiple fraud and identity-theft charges.[1] He was sentenced on February 17, 2022, in the United States District Court for the District of Maryland.[2] Ogunlana

---
[1]   *See United States v. Ogunlana*, No. 1:20-CR-285-CCB, Doc. 125 (D. Md. Feb. 17, 2022).
[2]   *Id.*

filed a motion to vacate under 28 U.S.C. § 2255 in the sentencing court in May 2022,[3] which motion appears to still be pending in that court.

In November 2022, Ogunlana attempted to collaterally attack his convictions and sentence through a Section 2241 petition in this Court.[4] The Court dismissed Oglunana's petition for lack of jurisdiction, finding that he does not meet the "safety-valve" requirements under 28 U.S.C. § 2255(e).[5] Ogunlana once again attempts to collaterally attack his convictions and sentence through Section 2241. However, because this Court does not have jurisdiction to entertain Ogunlana's second Section 2241 petition, it must also be dismissed.[6]

## II. DISCUSSION

Ogunlana raises four constitutional claims in the instant Section 2241 petition. He alleges that he was unconstitutionally arrested, illegally indicted, denied due process protections, and unlawfully detained.[7] None of these claims are cognizable in this Court.

Generally, the presumptive method for bringing a collateral challenge to the validity of federal conviction or sentence is a motion to vacate pursuant to 28

---

[3] See id., Doc. 137 (D. Md. May 12, 2022).
[4] See Ogunlana v. Barraza, No. 4:22-cv-1854, Doc. 1 (M.D. Pa. Nov. 11, 2022).
[5] See generally id., Docs. 6, 7 (M.D. Pa. Dec. 14, 2022).
[6] See 28 U.S.C. § 2254 Rule 1(b) (permitting district court, in its discretion, to apply Rules Governing Section 2254 Cases to Section 2241 habeas petitions); id. § 2254 Rule 4 (requiring courts to screen habeas petitions and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner").
[7] See Doc. 1 at 6-7.

U.S.C. § 2255.[8]  Only in the rare circumstance where a Section 2255 motion is "inadequate or ineffective to test the legality of [the inmate's] detention" can a federal prisoner proceed under Section 2241 instead of Section 2255.[9]  The United States Court of Appeals for the Third Circuit has explained that this "safety valve" provision in Section 2255(e) only applies when an intervening change in controlling, substantive law renders the petitioner's prior conduct noncriminal.[10]  Stated differently, Section 2255(e) permits a petitioner to resort to Section 2241 when the petitioner "had no earlier opportunity to challenge" a conviction for a crime "that an intervening change in substantive law may negate."[11]  But merely because a petitioner is unable to meet the "stringent gatekeeping requirements" of Section 2255 does not render a motion under that provision "inadequate or ineffective" to challenge a conviction or sentence.[12]

Ogunlana plainly does not meet the demanding requirements of Section 2255(e).  He has failed to identify an intervening change in controlling, statutory law that would render his prior conduct noncriminal.  Moreover, Ogunlana has not proffered any persuasive reason why the instant claims could not have been raised in a Section 2255 motion, or why such a motion is "inadequate or ineffective" to

---

[8]  *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citation omitted).
[9]  *See* 28 U.S.C. § 2255(e) (sometimes referred to as the "safety valve" provision or "savings clause"); *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997).
[10]  *See Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 179-80 (3d Cir. 2017); *see also Cordaro v. United States*, 933 F.3d 232, 239-40 (3d Cir. 2019).
[11]  *Bruce*, 868 F.3d at 180 (quoting *Dorsainvil*, 119 F.3d at 251).
[12]  *Okereke*, 307 F.3d at 120.

3

challenge his convictions and sentence. He argues that he is not challenging his convictions or sentence,[13] but rather his initial detention and indictment.[14] This is a distinction without a difference, because an attack on the constitutionality of the prosecution is an attack on the validity of the resultant convictions and sentence, as Ogunlana himself concedes.[15]

The safety valve provision in Section 2255(e), therefore, does not apply. Accordingly, the Court must dismiss Ogunlana's second Section 2241 petition for lack of jurisdiction as well.[16]

The Court admonishes Ogunlana that no further Section 2241 petitions regarding similar constitutional challenges to his convictions and sentence in District of Maryland criminal case number No. 1:20-CR-285 will be entertained. Instead, they will be summarily dismissed under the abuse-of-the-writ doctrine.[17] There is no reason that Ogunlana could not have raised the instant grounds for relief in his previous Section 2241 petition, and thus his current petition constitutes

---

[13]  *See* Doc. 2 at 1, 5, 7.
[14]  *See id.* at 2-3, 5, 7, 8.
[15]  *See id.* at 8 ("Therefore, since the indictment itself was illegal, all the proceeding [sic] afterwards are also null and void.").
[16]  *See Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538, 539 (3d Cir. 2002).
[17]  *See Anariba v. Director Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 442 (3d Cir. 2021) (explaining that abuse-of-the-writ doctrine applies to Section 2241 petitions and "generally prohibits a petitioner under § 2241 from raising new claims that could have been resolved in a previous action" (citation and internal quotation marks omitted)).

an abuse of the writ.[18]

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss Ogunlana's second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[18] *See id.* The Court nevertheless observes that, even if Ogunlana had raised the instant claims in his previous Section 2241 petition, it would not have altered the outcome of that case because Ogunlana cannot meet the safety-valve requirements of Section 2255(e).

5